# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Advanced Energy United, *et al.*, | ) | |
| | ) | Nos. 23-1282, 23-1284, |
| *Petitioners*, | ) | 23-1289, 23-1293, |
| | ) | 23-1297, 23-1299, |
| v. | ) | 23-1305, 23-1310, |
| | ) | 23-1312, 23-1313, |
| Federal Energy Regulatory Commission, | ) | 23-1320, 23-1327, |
| | ) | 23-1330 & 23-1346 |
| *Respondent*. | ) | (consolidated) |

### UNOPPOSED MOTION OF RESPONDENT
### FEDERAL ENERGY REGULATORY COMMISSION
### TO CONTINUE HOLDING CASES IN ABEYANCE AND
### SET APRIL 16, 2024 FOR FURTHER MOTIONS TO GOVERN

The Court's November 9 order in these consolidated cases suspended the deadlines for filing initial submissions, procedural and dispositive motions, and the certified index to the record, pending further order of the Court, and directed the parties to file motions to govern future proceedings by December 12, 2023. Subsequently, the Court granted an unopposed motion filed by Respondent Federal Energy Regulatory Commission ("FERC" or the "Commission") to hold these cases in abeyance and establish a date of February 16, 2024 for filing motions to govern. *See* Dec. 12, 2023 Order.

Counsel for the Commission contacted counsel for all Petitioners and Movant-Intervenors in advance of the February 16 deadline, and is authorized to state that no party opposes a 60-day extension of the abeyance period (Movant-

Intervenors state that they do not intend to file a response). Accordingly, the Commission requests that the Court continue holding these consolidated cases in abeyance, and set a date of April 16, 2024 for filing further motions to govern.

These consolidated petitions arise from a Commission rulemaking, *Improvements to Generator Interconnection Procedures and Agreements*, 184 FERC ¶ 61,054 (July 28, 2023) ("Order 2023"), currently pending on agency rehearing. Order 2023 implements reforms to the procedures governing the interconnection of power generation sources to the electric transmission grid. *See id.* P 3 (rulemaking is designed to "ensure that interconnection customers are able to interconnect to the transmission system in a reliable, efficient, transparent, and timely manner"). Numerous parties filed requests for agency rehearing of Order 2023. *See* FERC Dkt. No. RM22-14-001.[1] On September 28, the Commission gave notice that it intends to issue a future order upon further consideration of the many requests for agency rehearing. *See* Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 184 FERC ¶ 62,163 (2023).

After issuance of the September 28 Notice, multiple parties filed petitions for review in this Court and the U.S. Courts of Appeals for the Third, Sixth, and

---

[1] Filings in FERC proceedings are available at: https://elibrary.ferc.gov/eLibrary/search.

Eighth Circuits. As reflected in this docket, the Judicial Panel on Multidistrict Litigation issued a consolidation order on October 25 consolidating the petitions in this Court. Since the filing of the Commission's November 8 unopposed motion to suspend initial deadlines and set a new deadline for further motions, additional petitions for review have been filed. At present, 14 petitions for review are consolidated in this proceeding. *See* Docket, Nos. 23-1282, *et al*.

Numerous requests for agency rehearing of FERC Order 2023 are currently pending before the Commission, and will be addressed in a future order. In light of the ongoing agency proceedings, abeyance here will serve the interest of judicial economy in avoiding piecemeal appeals. *See, e.g.*, *Outland v. Civil Aeronautics Board*, 284 F.2d 224, 227-28 (D.C. Cir. 1960); *see also State of Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992). In particular, the continued suspension of the date for filing the certified index to the record allows the Commission to retain jurisdiction to address the pending requests for agency rehearing and "to affirm, modify, or set aside [its] order[s] in whole or in part," before the Court assumes exclusive jurisdiction to do so. *See* 16 U.S.C. § 825*l*(b).

Accordingly, the Commission requests that the Court grant this unopposed motion.

                      Respectfully submitted,

                      Robert H. Solomon
                      Solicitor

                      */s/ Susanna Y. Chu*
                      Susanna Y. Chu
                      Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Tel.:    (202) 502-8464
Email:  Susanna.Chu@ferc.gov

February 15, 2024

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 570 words.

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font using Microsoft Word for Office 365.

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney

Federal Energy Regulatory Commission
888 First Street, NE
Washington, D.C.  20426
Tel.:   (202) 502-8464
Email:  Susanna.Chu@ferc.gov

February 15, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system.

*/s/ Susanna Y. Chu*
Susanna Y. Chu
Attorney
