# OKIN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Advanced Energy United, *et al.*, | ) | |
|     *Petitioners*, | ) | |
| | ) | |
|     v. | ) | Nos. 23-1282, *et al.* |
| | ) | (consolidated) |
| Federal Energy Regulatory Commission, | ) | |
|     *Respondent*. | ) | |

## PETITIONERS' UNOPPOSED MOTION TO ESTABLISH BRIEFING PROCEDURES AND SCHEDULE

Pursuant to the Court's June 6, 2024 order (June 6 Order) and Federal Rule of Appellate Procedure 27, Avangrid, Inc., Dominion Energy Services, Inc.,[1] Exelon Corporation, FirstEnergy Service Company, Midcontinent Independent System Operator, Inc., the Midcontinent Transmission Owners,[2] New York Independent

---

[1] Dominion Energy Services, Inc. is filing on behalf of its affiliates Dominion Energy South Carolina, Inc. and Virginia Electric and Power Company d/b/a Dominion Energy Virginia.

[2] The Midcontinent Transmission Owners are Ameren Services Company; Union Electric Company d/b/a Ameren Missouri; Ameren Illinois Company d/b/a Ameren Illinois, Ameren Transmission Company of Illinois; American Transmission Company LLC; Big Rivers Electric Corporation; Central Minnesota Municipal Power Agency; City Water, Light & Power; Cleco Power LLC; Cooperative Energy; Dairyland Power Cooperative; Duke Energy Business Services LLC, for Duke Energy Indiana, LLC; East Texas Electric Cooperative; Entergy Arkansas, LLC; Entergy Louisiana, LLC; Entergy Mississippi, LLC; Entergy New Orleans, LLC; Entergy Texas, Inc.; Great River Energy; GridLiance Heartland LLC; Hoosier Energy Rural Electric Cooperative, Inc.; Indiana Municipal Power Agency; Indianapolis Power & Light Company, d/b/a AES Indiana; International Transmission Company, d/b/a ITC Transmission; ITC Midwest LLC; Michigan Electric Transmission Company, LLC; Lafayette Utilities System; MidAmerican

System Operator, Inc., the New York Transmission Owners,[3] PacifiCorp, PJM Interconnection, L.L.C. (PJM), and Southwest Power Pool, Inc. (SPP) (collectively, Petitioners) hereby move this Court to: (1) accept the proposal set forth herein regarding the format and length of briefs to be filed during the course of these proceedings, and (2) establish specific intervals for the briefing schedule as set forth below.

Consistent with the June 6 Order, the Petitioners submit this motion jointly and have provided detailed justifications supporting their requests for separate briefs to address distinct groups of issues and for certain word allotments.[4] Petitioners are authorized to state that Respondent Federal Energy Regulatory Commission (FERC)

---

Energy Company; Minnesota Power and its subsidiary Superior Water, L&P; Missouri River Energy Services; Montana-Dakota Utilities Co.; Northern Indiana Public Service Company LLC; Northern States Power Company (a Minnesota corporation); Northern States Power Company (a Wisconsin Corporation); Northwestern Wisconsin Electric Company; Otter Tail Power Company; Prairie Power, Inc.; Southern Illinois Power Cooperative; Southern Indiana Gas & Electric Company, d/b/a CenterPoint Energy Indiana South; Southern Minnesota Municipal Power Agency; Wabash Valley Power Association, Inc.; and Wolverine Power Supply Cooperative, Inc.

[3] The New York Transmission Owners are Central Hudson Gas & Electric Corporation; Consolidated Edison Co. of New York, Inc.; Long Island Power Authority; New York Power Authority; New York State Electric & Gas Corporation; Niagara Mohawk Power Corporation; Orange and Rockland Utilities, Inc.; and Rochester Gas and Electric Corporation.

[4] June 6, 2024 Order at 2, No. 23-1282 (establishing the Court's standards for briefing proposals).

does not oppose this motion. Petitioners are not aware of any other party that opposes the motion.

The petitions all seek review of FERC's rulemaking orders in *Improvements to Generator Interconnection Procedures and Agreements*, Order No. 2023, 184 FERC ¶ 61,054 (July 28, 2023), and Order No. 2023-A, 186 FERC ¶ 61,199 (Mar. 21, 2024) (collectively, the Orders). FERC has described the Orders as "landmark"[5] and "historic"[6] actions with substantial implications for the electric utility industry. Petitioners submit that their joint proposal represents a reasonable and efficient approach to briefing the various issues raised by the different categories of Petitioners and will avoid the kind of "repetitious submissions" that this Court disfavors.

First, the Petitioners propose that the numerous parties challenging the interconnection study delay penalties established by the Orders (Study Penalty Petitioners)[7] and the not-for profit transmission system operators—PJM and SPP—

---

[5] *See* FERC, Major Orders & Regulations, https://www.ferc.gov/major-orders-regulations (last updated Oct. 20, 2023) (identifying Order No. 2023 as a "landmark" FERC ruling).

[6] FERC Transmission Reform Paves Way for Adding New Energy Resources to Grid (July 27, 2023), https://www.ferc.gov/news-events/news/ferc-transmission-reform-paves-way-adding-new-energy-resources-grid.

[7] The Study Penalty Petitioners include Avangrid, Inc., Dominion Energy Services, Inc., Exelon Corporation, FirstEnergy Service Company, Midcontinent Independent System Operator, Inc., the Midcontinent Transmission Owners, New

3

challenging certain non-penalty-related issues be permitted to file a joint initial brief totaling approximately 220% the length of a standard initial brief, i.e., 28,600 words. 19,500 words would be allocated to penalty issues and 9,100 allocated to non-penalty issues. The need for a brief of this length is driven by several factors.

First, one of the Orders' most significant features is their introduction of financial penalties for owners and operators of transmission facilities to complete interconnection studies that are required to connect new electric supply resources to the transmission grid. This new study penalty framework is discussed over hundreds of pages in the Orders and has been challenged on numerous substantive, procedural, and policy grounds.

Moreover, the Study Penalty Petitioners are comprised of 58 separate corporate entities that fall into two major classes: (i) System Operators and (ii) both for-profit and not-for-profit transmission owners (Transmission Owners), whose circumstances differ and whose arguments are not all aligned. For example, the Study Penalty Petitioners that are not-for-profit System Operators argue that they face unique and serious risks stemming from their potential inability to pay financial penalties. System Operators and Transmission Owners are also differently situated with respect to the Orders' directives for allocating responsibility for penalties

---

York Independent System Operator, Inc., the New York Transmission Owners, PacifiCorp, PJM Interconnection, L.L.C., and Southwest Power Pool, Inc.

among them. An expanded word count is necessary for the System Operators and Transmission Owners to raise all of their diverse claims and articulate their at-times divergent interests in a single brief without unnecessary repetition.

The Petitioners' extended brief is also necessary to permit PJM and SPP sufficient opportunity to address the following non-penalty-related issues that they challenged on rehearing before the Commission and for which they are legally entitled to seek judicial review, including: (1) whether transmission providers must utilize Energy Resource Interconnection Service modeling assumptions in the affected system study process; (2) whether transmission providers must assess and explain the use or non-use of certain alternative transmission technologies in the interconnection study process; (3) whether transmission providers must model storage projects based on customer-provided operating assumptions; and (4) whether FERC was justified in requiring revisions to PJM reforms that FERC had accepted shortly before the issuance of Order No. 2023.

Petitioners are authorized to state that FERC supports the preceding request that Petitioners be permitted to file a 28,600 word joint initial brief.

Second, the Petitioners request that Advanced Energy United, American Clean Power Association, and Solar Energy Industries Association (collectively, the Clean Energy Petitioners) be allotted a standard-length joint initial brief of 13,000 words. The Clean Energy Petitioners' brief will address issues challenged in their

request for rehearing regarding the circumstances in which penalties will apply to interconnection customers who withdraw from the queue when faced with significant increases in their cost responsibility. To be clear, these issues are entirely different from those raised by the Study Penalty Petitioners. The Clean Energy Petitioners challenge penalties applicable to interconnection customers whereas the Study Penalty Petitioners challenge penalties applicable to utilities that miss deadlines for completing studies requested by interconnection customers.

Third, the Petitioners request that FERC be authorized to file a respondent brief of 28,000 words which FERC has indicated will be sufficient for it to respond to the proposed Petitioners' briefs.

Fourth, the Petitioners request that the Petitioners be permitted to file a reply brief with a length of 225% of a standard reply brief, i.e., 14,625 words, with 8,125 words allocated to addressing study delay penalties and 6,500 words allocated to non-penalty issues.

Finally, the Petitioners request that the Clean Energy Petitioners be granted one standard length reply brief of 6,500 words.

To allow adequate time for judicial review, the Petitioners propose the following briefing intervals:

| Filing | Deadline |
|---|---|
| Initial Submissions | 2 weeks from the date of the order accepting the proposed briefing intervals |
| Certified Index to the Record | 2 weeks from the date of the order accepting the proposed briefing intervals |
| Petitioners' Briefs | 10 weeks from the date FERC files the administrative record |
| Respondent's Brief | 14 weeks from the date the petitioners file their initial briefs |
| Intervenors' Briefs | 2 weeks from the date FERC files its respondent brief |
| Reply Briefs | 4 weeks from the date the intervenors file their briefs |
| Joint Appendix | 2 weeks from the date the petitioners file their reply briefs |
| Final Briefs | 2 weeks from the date of the filing of the Joint Appendix |

The proposed intervals are fair and equitable to all parties in this case and will provide the Court with adequate time to reach an opinion on the merits before the new mandates and regulatory requirements adopted in the Orders begin to apply.

Respectfully submitted,

*/s/ Blake Grow*
Blake Grow
Ted Murphy
Counsel of Record
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1588
(202) 955-1991
tmurphy@hunton.com
bgrow@hunton.com

*Counsel for New York Independent System Operator, Inc.*

Dated: July 2, 2024

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the requirements of Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) of the Federal Rules of Appellate Procedure because it was prepared in 14-point Times New Roman, a proportionally spaced font.  I further certify that the response complies with the type-volume limitations of Rule 27(d)(2)(A) because it contains 1803 words, excluding the parts exempted by Rule 32(f), according to the count of Microsoft Word.

                                        */s/ Blake Grow*
                                        Blake Grow
                                        Hunton Andrews Kurth LLP
                                        2200 Pennsylvania Avenue, NW
                                        Washington, DC 20037
                                        (202) 955-1991
                                        bgrow@hunton.com

                                        *Counsel for New York Independent System Operator, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2024, I caused the foregoing documents to be served on the Federal Energy Regulatory Commission and also on all parties in the underlying agency proceeding through the Commission's electronic filing system.

/s/ Blake Grow
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1991
bgrow@hunton.com

*Counsel for New York Independent System Operator, Inc.*