# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

| | |
|---|---|
| No. 23-1282 | September Term, 2023 |
| | FERC-RM22-14-000 |
| | FERC-RM22-14-001 |
| | Filed On: August 5, 2024 |

Advanced Energy United, et al.,

       Petitioners

    v.

Federal Energy Regulatory Commission,

       Respondent

------------------------------

Consumers Energy Company, et al.,
       Intervenors

------------------------------

Consolidated with 23-1284, 23-1289,
23-1297, 23-1299, 23-1305, 23-1310,
23-1312, 23-1313, 23-1320, 23-1327,
23-1330, 23-1346, 24-1093, 24-1106,
24-1112, 24-1136, 24-1137, 24-1139,
24-1140, 24-1141

      **BEFORE:**   Katsas, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the unopposed motion to establish briefing format and schedule, it is

**ORDERED** that these consolidated cases be returned to the court's active docket and that the following briefing format and schedule will apply in these cases:

| | |
|---|---|
| Initial Submissions | August 21, 2024 |
| Certified Index to the Record | August 21, 2024 |

| | |
|---|---|
| Joint Brief of Petitioners in No. 23-1282 (not to exceed 9,100 words) | October 30, 2024 |
| Joint Brief of Remaining Petitioners (not to exceed 20,000 words) | October 30, 2024 |
| Petitioner-Intervenor Brief(s), if any (not to exceed 9,100 words in the aggregate) | November 13, 2024 |
| Respondent Brief (not to exceed 28,000 words) | February 5, 2025 |
| Respondent-Intervenor Brief(s) (not to exceed 9,100 words in the aggregate) | February 19, 2025 |
| Joint Reply Brief of Petitioners in No. 23-1282 (not to exceed 4,550 words) | March 19, 2025 |
| Joint Reply Brief of Remaining Petitioners (not to exceed 10,000 words) | March 19, 2025 |
| Petitioner-Intervenor Reply Brief(s), if any (not to exceed 4,550 words in the aggregate) | March 19, 2025 |
| Deferred Joint Appendix | April 2, 2025 |
| Final Briefs | April 16, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening briefs. The court ordinarily will not consider issues and arguments raised for the first time in the reply briefs.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

                         BY:    /s/
                                         Selena R. Gancasz
                                         Deputy Clerk